1    RONALD O. KAYE (No.145051)
     KEVIN J. LaHUE (No. 237556)
2    KAYE, McLANE & BEDNARSKI
     128 N. Fair Oaks Avenue
3    Pasadena CA 91103
     Telephone: (626) 844-7660
4    Facsimile: (626) 844-7670
     E-mail: rok_kmb@earthlink.net
5            kevinlahue@gmail.com

6    Attorneys for Plaintiff,
     FRANK LUCERO

7

8

9

10                UNITED STATES DISTRICT COURT

11           CENTRAL DISTRICT OF CALIFORNIA

                     CV09-02151 GAF (AGRx)

12    FRANK LUCERO            )    CASE NO.
                        )
13         Plaintiff        )    **COMPLAINT FOR DAMAGES**
                        )
14        vs.            )    **(1)**    **42 U.S.C. § 1983 - Violation of**
                        )         **Civil Rights**
15    THE CALIFORNIA DEPARTMENT )    **(2)**    **42 U.S.C. § 1983 - Supervisory**
     OF CORRECTIONS AND          )         **Liability;**
16    REHABILITATION, THE STATE OF )    **(3)**    **California Civil Code § 52.1**
     CALIFORNIA, DR. MUHAMMAD    )         **Deprivation of Civil Rights;**
     FAROOK, WARDEN MIKE        )    **(4)**    **California Government Code §**
17    POULOS, MEDICAL ANALYST C. )         **845.6**
     COLLIER, DR. DOE #1, DOES 2     )    **(5)**    **Negligence**
18    through 10, inclusive,          )    **(6)**    **Medical Negligence.**
                        )
19         Defendants,       )    **DEMAND FOR JURY TRIAL**
                        )
20 _____ )

21                          **JURISDICTION**

22    1.     Jurisdiction is conferred upon this Court by Title 28, United States Code §§

23         1331 and 1343, and arises under Title 42 United States Code §§ 1983 and

24         1988.  The state law claims for relief are within the supplemental jurisdiction

25         of the Court, pursuant 28 U.S.C. § 1367.

26                             **VENUE**

27    2.     The acts complained of arose within the Central District of California,

28         therefore venue properly lies here pursuant to 28 U.S.C. § 1391.

**PARTIES**

3.    Plaintiff FRANK LUCERO is a resident of Riverside County and the acts and omissions alleged herein occurred in San Bernardino County.

4.    At all times material herein, defendant THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION was a public entity and a department of the Defendant STATE OF CALIFORNIA ("STATE") and each was responsible for the hiring, retaining, training, and supervising of the conduct, policies and practices of its employees and agents of the California Department of Corrections and Rehabilitation and all of its members, agents and employees.  The California Department of Corrections and Rehabilitation and STATE are sued under state law.

5.    At all time periods relevant herein, Defendant MIKE POULOS was the Warden of the California Institution for Men at Chino, a state prison, and in conjunction with said employment was delegated with the authority and responsibility of carrying out the training, retention, supervisory functions, and disciplinary functions of the CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, was responsible for the setting and implementation of departmental policy with respect to the allegations of misconduct brought against its medical personnel and at all times relevant herein was acting in the course and scope of his employment and under color of law.  He is sued in his individual capacity.

6.    Defendant DR. MUHAMMAD FAROOQ was the Chief Medical Officer responsible for the medical services administration and the medical care of the inmates at Men's Institution at Chino, and in conjunction with said employment was delegated with the authority and responsibility of carrying out the training, retention, supervisory functions, and medical functions of the CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, including the supervision of DR. DOE #1, Medical

COMPLAINT             2

Appeals Analyst C. COLLIER and other medical personnel, and was responsible for the setting and implementation of departmental policy with respect to access to medical care and attention, and investigation of allegations of misconduct alleged against its medical personnel, and at all times relevant herein was acting in the course and scope of his employment and under color of law. He is sued in his individual capacity.

7.   Defendant DR. DOE #1 was the physician responsible for the medical care of the Plaintiff at California Institution for Men at Chino and at all times relevant herein was acting in the course and scope of his employment and under color of law. He is sued in his individual capacity.

8.   Defendant C. COLLIER was the Medical Appeals Analyst responsible for the handling the appeal of Plaintiff at California Institution for Men at Chino and at all times relevant herein was acting in the course and scope of his employment and under color of law. He is sued in his individual capacity.

9.   Plaintiff is informed, believes and based thereon alleges that at all times material herein, defendants DOES 2 through 10, inclusive, were each duly appointed and acting guards, supervisors, medical doctors and nurses employed as such by the defendant CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION at the California Institution for Men at Chino, and at the time of the acts hereinafter complained of, each said defendant was acting in the course and scope of such employment and acting under color of law. They are sued in their individual capacity.

10.   The true names of defendants DOES 1 through 10, inclusive, are not now known to Plaintiff, who therefore sues said defendants by such fictitious names; but upon ascertaining the true name of a DOE defendant, Plaintiff will amend this complaint, or seek leave to do so, by substituting same for a said fictitious name. Plaintiff is informed and believes, and based thereon alleges, that each defendant DOE herein is in some manner responsible for

1   the injuries and damages complained of herein.

2   11.   At all times material herein, defendants were each acting as the employee,

3   agent, representative and officer of every other defendant herein, and within

4   the course and scope of such employment and agency.

5   12.   Plaintiff filed a timely claim pursuant to California Government Code § 910,

6   on August 12, 2008.  That claim was denied on October 31, 2008.  Plaintiff

7   amended the Complaint on November 12, 2008.

8   **FACTUAL ALLEGATIONS**

9   13.   During 2005 through 2006 Plaintiff was an inmate in the CALIFORNIA

10   DEPARTMENT OF CORRECTIONS AND REHABILITATION.  At that

11   time, he began suffering from serious headaches, dizziness and pressure on

12   his left eye.  As a result, the medical staff at the CALIFORNIA

13   DEPARTMENT OF CORRECTIONS AND REHABILITATION diagnosed

14   him with glaucoma in the left eye.  Plaintiff had a pre-existing history of

15   blindness in the left eye since age 15 due to an aneurism, which caused

16   corneal scarring and loss of vision.  The left eye was otherwise healthy,

17   functional and aesthetically fine. Upon diagnosis of glaucoma, Plaintiff was

18   treated by the medical staff at the CALIFORNIA DEPARTMENT OF

19   CORRECTIONS AND REHABILITATION with medications without

20   further complications.

21   14.   Plaintiff was released on parole in October 2007.  While on parole, Plaintiff

22   continued to administer his glaucoma medication on a regular basis and there

23   were no complications with his left eye.  In February 2008, Plaintiff was

24   found to be in violation of a condition of parole and as a result, he was

25   returned to CALIFORNIA DEPARTMENT OF CORRECTIONS AND

26   REHABILITATION California Institution for Men at Chino.

27   15.   On February 19, 2008, Plaintiff received a physical examination at the

28   California Institution for Men at Chino.  On the Reception Center Physical

COMPLAINT                                    4

1    Examination form Plaintiff's condition was described: "I have glaucoma . . .
2    to aneurysm in this eye @ age 15 "blind" L eye."  Plaintiff requested to see
3    an opthamologist for his glaucoma in order to continue to receive the
4    necessary medication.  At this time period, Plaintiff suffered from headaches,
5    dizziness and nausea due to pressure from his left eye.

6  16.    In early March, 2008, Plaintiff was seen by Nurse DOE #2 of the facility.
7        Plaintiff informed Nurse DOE #2 that he needed new glasses and it was
8        imperative that he see an opthamologist for his glaucoma medication.
9        Defendant Nurse DOE #2 advised Plaintiff that he needed to first see an
10       optometrist to be given an appointment to have the doctor approve the
11       medication for glaucoma.  Plaintiff was not given an appointment.

12  17.   On March 21, 2008, Plaintiff had an appointment for a medical emergency
13       regarding an injury to his knee.  While visiting Dr. Clinton of the California
14       Institution for Men at Chino, Plaintiff inquired whether there was a pending
15       appointment for Plaintiff with an optometrist or opthamologist.  Dr. Clinton
16       responded that there was no appointment pending with an optometrist or an
17       opthamologist.

18  18.   On March 27, 2008, Plaintiff filed his first formal grievance (California
19       Department of Corrections and Rehabilitation form 1824) complaining that
20       he still had not received his appointment to see a doctor or an optometrist as
21       he requested of Nurse DOE #2.

22  19.   On April 2, 2008, Plaintiff returned to see Dr. Clinton with regard to the
23       injury to his knee, and advised Dr. Clinton that he still had not seen an
24       optometrist about his glaucoma or his need for new glasses.  Dr. Clinton
25       noted on the Physician's Order "Optometry consult, MD line nex[ ] week."

26  20.   On April 3, 2008, Plaintiff received an Appeal Assignment Notice in
27       response to his March 27, 2008 formal grievance, and the appeal was
28       assigned to the Chief Medical Officer, DEFENDANT DR. FAROOQ, with a

COMPLAINT                                          5

1   "due date" for DEFENDANT DR. FAROOQ to respond by April 23, 2008.

2   21.   On April 10, 2008, Plaintiff was seen by Dr. Nguyen of the California

3   Institution for Men at Chino.  At that time, Plaintiff advised Dr. Nguyen

4   about his glaucoma condition and that he needed the necessary medication to

5   reduce the pressure on his left eye.  On that date, Dr. Nguyen referred

6   Plaintiff to see an opthamologist.   Dr. Nguyen noted in his Physician's

7   Order "Opthamology RFS. ASAP."  Also, on that date, Dr. Nguyen issued

8   California Department of Corrections and Rehabilitation form 1845 which

9   verified Plaintiff's disability with regard to his visual impairment.  This form

10   was placed in Plaintiff's medical file.  After this date, however, Plaintiff was

11   not provided an appointment to see an ophthalmologist for his glaucoma

12   medication by DEFENDANT DR. FAROOQ or DEFENDANT DR. DOE

13   #1.

14   22.   On April 17, 2008, in response to Plaintiff's March 27, 2008 formal

15   grievance (California Department of Corrections and Rehabilitation form

16   1824) Dr. Nguyen wrote on the Discussion of Findings section of the form:

17   "Pt was seen on 4/10/08 - has Glaucoma blind L eye, opthamology referral

18   submitted . ."

19   23.   On April 18, 2008, five days prior to the April 23, 2008 due date for a

20   response to Plaintiff's Appeal, DEFENDANT C. COLLIER, Medical

21   Appeals Analyst, issued a notice of Suspension of the Appeal which stated

22   that Plaintiff would be required to wait four to six more weeks to see the

23   "OPTHAMOLOGY specialist" and for requested device "(Glasses)."  Due to

24   the suspension, the original due date of April 23, 2008 for the appeal no

25   longer applied because of the purported need of the institution to verify the

26   disability.  However, verification was already established in Plaintiff's

27   medical file by Dr. Nguyen on April 10, 2008.  Plaintiff continued to not be

28   provided access to an ophthalmologist for his glaucoma medication by

COMPLAINT                                6

1    DEFENDANT DR. FAROOQ and DEFENDANT DR. DOE #1.

2  24.   On May 6, 2008, Plaintiff was examined by an optometrist at the California

3         Institution for Men at Chino.  The optometrist prescribed new glasses for

4         Plaintiff.  Plaintiff advised the optometrist that he had glaucoma and was

5         suffering from pain, headaches, dizziness, nausea and constant pressure on

6         his left eye.  The optometrist recommended that Defendant see an

7         opthamologist.  Plaintiff is unaware if a referral to an opthamologist was set

8         in place.

9  25.   Throughout the period from February through May 23, 2008, Plaintiff

10        continued to suffer pain, headaches, dizziness, nausea and constant pressure

11        on his left eye.   On May 23, 2008, without any access to the necessary

12        glaucoma medication, Plaintiff's left eye burst from the extreme inter-ocular

13        pressure caused by the glaucoma. Plaintiff was taken to Riverside Medical

14        Center-Moreno Valley emergency room, and was told that his left eye could

15        not be saved.  Prior to May 23, 2008, Plaintiff never saw an opthamologist at

16        California Institution for Men at Chino, and never received medication to

17        reduce the pressure on his left eye due to his glaucoma.

18  26.   Following the bursting of his left eye, Plaintiff was hospitalized at California

19        Institution for Men at Chino.  During this time period, Plaintiff suffered

20        extreme pain from his eye and loss of appetite, and consequently, the

21        resulting loss of weight.

22  27.   On June 4, 2008, Plaintiff filed a Inmate Appeal form (California

23        Department of Corrections and Rehabilitation form 602) complaining about

24        the lack of pain medication provided for the treatment of the left eye and

25        socket after his left eye burst.

26  28.   On June 10, 2008, medical personnel removed Plaintiff's left eye in its

27        entirety.

28  29.   From June 10, 2008 until February 5, 2009, the date of Plaintiff's release

1     from the custody of the CALIFORNIA DEPARTMENT OF

2     CORRECTIONS AND REHABILITATION, despite repeated requests,

3     Plaintiff did not receive a prosthesis to fill the orbit where the left eye was

4     removed.

5     **FIRST CLAIM FOR RELIEF**

6     **42 U.S.C. § 1983**

7     **FOR VIOLATION OF CIVIL RIGHTS**

8     **(AGAINST DR. FAROOQ, DR. DOE #1, C. COLLIER, AND DOES 2-10)**

9   30.    Plaintiff refers to and repleads each and every allegation contained in

10     paragraphs 1 through 29, of this complaint and by this reference hereby

11     incorporates the same herein and makes each a part hereof as if set forth in

12     full.

13   31.    DEFENDANT DR. FAROOQ, DEFENDANT DR. DOE #1, and

14     DEFENDANT C. COLLIER, and Does 2-10, acting under the color of state

15     law in their personal capacity, deprived Plaintiff of the rights, privileges and

16     immunities secured by Eighth Amendment right against cruel and unusual

17     punishment under the United States Constitution, by subjecting him, or

18     through their deliberate indifference, allowing others to subject him, to delay

19     and deny Plaintiff access to medical attention for a serious but treatable

20     medical condition.  As a result, Plaintiff has suffered damages, permanent

21     injury and disfigurement, pain and suffering and deprivation of his

22     constitutional rights in an amount not yet ascertained but to be proven.

23   32.    By reason of the afore-described acts and omissions of Defendants, Plaintiff

24     was required to retain an attorney to institute and prosecute the within action

25     and to render legal assistance to the Plaintiff that he might vindicate the loss

26     and impairment of his constitutional rights.  By reason thereof Plaintiff

27     requests payment by defendants of a reasonable sum for attorney's fees

28     pursuant to 42 U.S.C. § 1988.

33.   The afore-described acts of these individual defendants were done
recklessly, and by reason thereof, Plaintiff claims exemplary and punitive
damages from these individual defendants.

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 1983

### CUSTOM AND PRACTICE

### CAUSING VIOLATION OF CIVIL RIGHTS

### (AGAINST DEFENDANTS WARDEN POULOS, DR. FAROOQ, AND DOES 1-10)

34.   Plaintiff refers to and repleads each and every allegation contained in
paragraphs 1 through 33, of this complaint and by this reference hereby
incorporates the same herein and makes each a part hereof as if set forth in
full.

35.   On or before May 23, 2008, defendants WARDEN POULOS and DR.
FAROOQ, acting under the color of state law in their personal capacity,
deprived Plaintiff of the rights, privileges, and immunities secured by Eighth
Amendment right against cruel and unusual punishment under the United
States Constitution, by maintaining and enforcing a custom, policy and
practice of negligently hiring, retaining, training, assigning, supervising and
disciplining medical personnel who are predisposed to deny access to
medical attention or failing to provide medical attention, for serious medical
conditions, and of permitting, condoning, and ratifying violations by its
medical providers.

36.   Furthermore, on or before May 23, 2008, defendants WARDEN POULOS
and DR. FAROOQ failed to properly train, assign, supervise, and guide their
staff and medical personnel assigned to the California Institution for Men at
Chino, including but not limited to defendant DR. DOE #1, and DOES 2-10.
On or about May 23, 2008, and for some time prior thereto and since that

1    time, defendants WARDEN POULOS and DR. FAROOQ have condoned,

2    tolerated and accepted deliberate indifference in denial of medical attention

3    and the denial of access to medical care and treatment to inmates.

4    37.   Furthermore, on or before May 23, 2008, defendants WARDEN POULOS

5    and DR. FAROOQ failed to provide the medical services for inmates, in that

6    the California Institution for Men at Chino suffered from extreme

7    overcrowding, and consequently the facility failed to have adequate staffing

8    of medical personnel, and inadequate leadership and supervision, such that

9    the medical services personnel, Does 1-10, failed to see inmates for serious

10   but treatable medical and mental health conditions, operated without

11   adequate safeguards, audits, or reporting requirements reviewable by

12   superiors, and as a result of the lack of said accountability measures,

13   numerous medical care providers regularly delayed or denied medical and

14   mental health care to inmates, engaged in a pattern and practice of failing to

15   see inmate patients for serious but treatable medical and mental health

16   conditions, thereby violating the constitutional rights of patient-inmates,

17   departmental policy and procedure.

18   38.   Said acts and omissions, practices and policies by defendants WARDEN

19   POULOS and DR. FAROOQ were the moving force behind the violation of

20   constitutional rights and damages complained of herein by Plaintiff.

21   **THIRD CLAIM FOR RELIEF**

22   **CALIFORNIA CIVIL CODE §§ 52 and 52.1**

23   **(AGAINST ALL DEFENDANTS AND DOES 1 - 10)**

24   39.   Plaintiff refers to and repleads each and every allegation contained in

25   paragraphs 1 through 38, of this complaint and by this reference hereby

26   incorporates the same herein and makes each a part hereof as if set forth in

27   full.

28   40.   The United States Constitution, Amendment VIII, and the California

COMPLAINT                                    10

1  Constitution, Article I, guarantee the right of persons to be free from cruel

2  and unusual punishment.  Defendants, by engaging in deliberate indifference

3  to Plaintiff's serious medical needs, interfered with Plaintiff's enjoyment of

4  his rights under Federal and California law, thus giving rise to claims for

5  damages pursuant to California  Civil Code § 52.1.

6  41.  As a direct and proximate cause of the aforementioned acts of defendants,

7  Plaintiff was injured as set forth above, and are entitled to statutory damages

8  under California Civil Code § 52, as well as compensatory and punitive

9  damages according to proof.

10  **FOURTH CLAIM FOR RELIEF**

11  **CALIFORNIA GOVERNMENT CODE § 845.6**

12  **(AGAINST ALL DEFENDANTS AND DOES 1-10)**

13  42.  Plaintiff refers to and repleads each and every allegation contained in

14  paragraphs 1 through 41, of this complaint and by this reference hereby

15  incorporates the same herein and makes each a part hereof as if set forth in

16  full.

17  43.  Defendants knew or had reason to know that Plaintiff was in need of

18  immediate medical care and failed to take reasonable action to summon such

19  medical care.

20  44.  As direct and proximate cause of the aforementioned acts of Defendants,

21  Plaintiff was injured as set forth above.

22  45.  Plaintiff's injuries entitle him to damages pursuant to California Government

23  Code § 845.6.

24  **FIFTH CLAIM FOR RELIEF**

25  **NEGLIGENCE**

26  **(AGAINST ALL DEFENDANTS AND DOES 1-10)**

27  46.  Plaintiff refers to and repleads each and every allegation contained in

28  paragraphs 1 through 45, of this complaint and by this reference hereby

COMPLAINT                                    11

1    incorporates the same herein and makes each a part hereof as if set forth in

2    full.

3  47.    By virtue of the foregoing, Defendants DR. FAROOQ, DR. DOE #1 and

4    Does 2-10 owed Plaintiff a duty of due care, and that duty was breached in

5    Defendants' negligence, gross negligence, in delaying and denying medical

6    attention to Plaintiff.  Each was medically negligent and their conduct fell

7    below the standard of care for physicians, nurses and medical providers in

8    the community.

9  48.    By virtue of the foregoing, Defendants CALIFORNIA DEPARTMENT OF

10    CORRECTIONS AND REHABILITATION, the STATE, WARDEN

11    POULOS AND DR. FAROOK owed Plaintiff a duty of due care.  This duty

12    of care was breached in the hiring, supervision, training, retention and

13    investigation of each of the persons denying Plaintiff medical attention or

14    access to medical care and treatment or failing to summons medical care.

15  49.    The conduct alleged above was the legal cause of the injury to Plaintiff and

16    his damages.

17  50.    As a direct and proximate cause of the aforementioned acts of Defendants,

18    Plaintiffs was injured as set forth above, and are entitled to compensatory

19    damages according to proof.

20    **SIXTH CLAIM FOR RELIEF**

21    **MEDICAL NEGLIGENCE**

22    **(AGAINST DOCTOR FAROOK, C. COLLIER, STATE OF CALIFORNIA,**

23    **CALIFORNIA DEPARTMENT OF**

24    **CORRECTIONS AND REHABILITATION, AND DOES 2-10)**

25  51.    Plaintiff refers to and repleads each and every allegation contained in

26    paragraphs 1 through 50, of this complaint and by this reference hereby

27    incorporates the same herein and makes each a part hereof as if set forth in

28    full.

COMPLAINT                                    12

52. While Plaintiff was under the sole and exclusive care of defendants, and in defendants' medical facility, defendants DOCTOR FAROOK, DR. DOE #1 AND DOES 2-10, acting within the scope and course of their employment with defendant STATE OF CALIFORNIA and CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, negligently, carelessly and unskillfully cared for, attended, handled, controlled and failed to refer Plaintiff to medical care providers, negligently failed to provide physician's care, carelessly failed to detect and monitor Plaintiff's condition, and negligently, carelessly and unskillfully failed to possess and exercise that degree of skill and knowledge ordinarily possessed and exercised by others in the same profession and in the same locality as defendants, and each of them.

53. Defendants DR. FAROOK, DR. DOE #1, and DOES 2-10 and each of them failed to supervise, train and monitor their subordinates, to maintain proper and adequate staffing and to timely refer Plaintiff to competent medical care.

54. Plaintiffs further allege that the supervisory personnel, including agents and employees of defendant STATE and CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, failed to conduct appropriate investigatory procedures to determine the need to obtain medical services to Plaintiff while in the defendant's care, custody and control.

55. As a direct and legal result of the aforesaid negligence, carelessness and unskillfulness of defendants, and each of them, Plaintiff was hurt and injured, and as a legal cause of the negligent conduct of defendants, thereby caused the injuries and damages in a sum in an amount according to proof.

\\
\\
\\
\\

COMPLAINT                                     13

1      WHEREFORE, Plaintiff prays for judgement as follows:

2      1.     General damages in an amount to be proven;

3      2.     Punitive and exemplary damages from the individual defendants for

4      the constitutional violations;

5      3.     Costs of litigation;

6      4.     Reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988;

7      5.     Such other and further relief as the court deems appropriate and just.

8                       Respectfully submitted,

9

10                   KAYE, McLANE & BEDNARSKI, LLP

11

12

13 DATED: March 27, 2009     By: _____

                             RONALD O. KAYE

14                          Attorneys for Plaintiff
                         Frank Lucero

15

16                       **JURY DEMAND**

17      Trial by jury of all issues is demanded.

18

19                   KAYE, McLANE & BEDNARSKI, LLP

20

21

22 DATED: March 27, 2009     By: _____

                             RONALD O. KAYE

23                          Attorneys for Plaintiff
                         Frank Lucero

24

25

26

27

28

COMPLAINT                         14

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Alicia G.  Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV09- 2151 GAF (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [_] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [_] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

ORIGINAL

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

FRANK LUCERO

PLAINTIFF(S)

v.

THE CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION, THE
STATE OF CALIFORNIA, (See Attached)

DEFENDANT(S).

CASE NUMBER

CV09-02151   GAF   (AGRx)

**SUMMONS**

TO:     DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney,  Ronald O. Kaye _____, whose address is 128 North Fair Oaks Avenue, Pasadena, California 91103 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

MAR 27 2009

Dated: _____

By: _____
                Deputy Clerk

                *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS

## ATTACHMENT TO SUMMONS
### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**ADDITIONAL DEFENDANTS**:

DR. MUHAMMAD FAROOK,
WARDEN MIKE POULOS,
MEDICAL ANALYST C. COLLIER,
DR. DOE #1,
DOES 2 through 10, Inclusive.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
FILE COPY
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Frank Lucero | California Department of Corrections and Rehabilitation; State of California; Muhammad Farook, Chief Medical Officer; Mike Poulos, Warden; C. Collier, Medical Analyst; and Does 1-10 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Ronald O. Kaye<br>Kaye, McLane & Bednarski, LLP<br>128 North Fair Oaks Avenue, Pasadena, California 91103; 626-844-7660 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff      ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant      ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No      ☐ **MONEY DEMANDED IN COMPLAINT:** $ According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. § 1983 - Violation of Civil Rights Under Eighth Amendment to the United States Constitution

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | ☑ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:    Case Number: _____

CV09-02151

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _____   Date  3/27/09

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |