```
1  RONALD O. KAYE (No.145051)
   KEVIN J. LaHUE (No. 237556)
2  KAYE, McLANE & BEDNARSKI
   234 E. Colorado Blvd. Suite 230
3  Pasadena CA 91101
   Telephone: (626) 844-7660
4  Facsimile: (626) 844-7670
   E-mail: rok_kmb@earthlink.net
5          kevinlahue@gmail.com

6  Attorneys for Plaintiff,
   FRANK LUCERO
```

                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA

| FRANK LUCERO | CASE NO. CV 09-02151-GAF(AGRx) |
|---|---|
| Plaintiff, | **SECOND AMENDED COMPLAINT FOR DAMAGES** |
| vs. | (1) 42 U.S.C. § 1983 - Violation of Civil Rights |
| DR. HOAN NGUYEN, DR. MUHAMMAD FAROOQ, WARDEN MIKE POULOS, MEDICAL ANALYST CHRISTINE COLLIER, DOES 1 through 10, inclusive, | (2) 42 U.S.C. § 1983 - Supervisory Liability; |
|  | (3) California Government Code § 845.6 |
|  | (4) Negligence |
| Defendants, | **DEMAND FOR JURY TRIAL** |

## JURISDICTION

1. Jurisdiction is conferred upon this Court by Title 28, United States Code §§ 1331 and 1343, and arises under Title 42 United States Code §§ 1983 and 1988. The state law claims for relief are within the supplemental jurisdiction of the Court, pursuant 28 U.S.C. § 1367.

## VENUE

2. The acts complained of arose within the Central District of California, therefore venue properly lies here pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff FRANK LUCERO is a resident of the State of Arizona and the acts and omissions alleged herein occurred in San Bernardino County.

4. At all time periods relevant herein, Defendant MIKE POULOS was the Warden of the California Institution for Men at Chino, a state prison, and in conjunction with said employment was delegated with the authority and responsibility of carrying out the training, retention, supervisory functions, and disciplinary functions of the California Department of Corrections and Rehabilitation, was responsible for the setting and implementation of departmental policy with respect to the allegations of misconduct brought against its medical personnel and at all times relevant herein was acting in the course and scope of his employment and under color of law. He is sued in his individual capacity.

5. Defendant DR. MUHAMMAD FAROOQ was the Chief Medical Officer responsible for the medical services administration and the medical care of the inmates at Men's Institution at Chino, and in conjunction with said employment was delegated with the authority and responsibility of carrying out the training, retention, supervisory functions, and medical functions of the California Department of Corrections and Rehabilitation, including the supervision of DR. HOAN NGUYEN, Medical Appeals Analyst CHRISTINE COLLIER and other medical personnel, and was responsible for the setting and implementation of departmental policy with respect to access to medical care and attention, and investigation of allegations of misconduct alleged against its medical personnel, and at all times relevant herein was acting in the course and scope of his employment and under color of law. He is sued in his individual capacity.

6. Defendant DR. HOAN NGUYEN was the physician responsible for the medical care of the Plaintiff at California Institution for Men at Chino and at

SECOND AMENDED COMPLAINT                2

all times relevant herein was acting in the course and scope of his employment and under color of law. He is sued in his individual capacity.

7. Defendant CHRISTINE COLLIER was the Medical Appeals Analyst responsible for the handling the appeal of Plaintiff at California Institution for Men at Chino and at all times relevant herein was acting in the course and scope of her employment and under color of law. She is sued in her individual capacity.

8. Plaintiff is informed, believes and based thereon alleges that at all times material herein, defendants DOES 1 through 10, inclusive, were each duly appointed and acting guards, supervisors, medical doctors and nurses employed as such by the California Department of Corrections and Rehabilitation at the California Institution for Men at Chino, and at the time of the acts hereinafter complained of, each said defendant was acting in the course and scope of such employment and acting under color of law. They are sued in their individual capacity.

9. The true names of defendants DOES 1 through 10, inclusive, are not now known to Plaintiff, who therefore sues said defendants by such fictitious names; but upon ascertaining the true name of a DOE defendant, Plaintiff will amend this complaint, or seek leave to do so, by substituting same for a said fictitious name. Plaintiff is informed and believes, and based thereon alleges, that each defendant DOE herein is in some manner responsible for the injuries and damages complained of herein.

10. At all times material herein, defendants were each acting as the employee, agent, representative and officer of every other defendant herein, and within the course and scope of such employment and agency.

11. Plaintiff filed a timely claim pursuant to California Government Code § 910, on August 12, 2008. That claim was denied on October 31, 2008. Plaintiff amended the Complaint on November 12, 2008.

## FACTUAL ALLEGATIONS

12. During 2005 through 2006 Plaintiff was an inmate in the California Department of Corrections and Rehabilitation. At that time, he began suffering from serious headaches, dizziness and pressure on his left eye. As a result, the medical staff at the California Department of Corrections and Rehabilitation diagnosed him with glaucoma in the left eye. Plaintiff had a pre-existing history of blindness in the left eye since age 15 due to an aneurism, which caused corneal scarring and loss of vision. Upon diagnosis of glaucoma, Plaintiff was treated by the medical staff at the California Department of Corrections and Rehabilitation with medications without further complications.

13. Plaintiff was released on parole in October 2007. While on parole, Plaintiff continued to administer his glaucoma medication on a regular basis. In February 2008, Plaintiff was found to be in violation of a condition of parole and as a result, he was returned to California Department of Corrections and Rehabilitation at the California Institution for Men at Chino.

14. On February 19, 2008, Plaintiff received a physical examination at the California Institution for Men at Chino. On the Reception Center Physical Examination form Plaintiff's condition was described: "I have glaucoma . . . to aneurysm in this eye @ age 15 "blind" L eye." Plaintiff requested to see an opthamologist for his glaucoma in order to continue to receive the necessary medication.

15. In early March, 2008, Plaintiff was seen by Nurse DOE #1 of the facility. Plaintiff informed Nurse DOE #1 that he needed new glasses and it was imperative that he see an opthamologist for his glaucoma medication. Defendant Nurse DOE #1 advised Plaintiff that he needed to first see an optometrist to be given an appointment to have the opthamologist approve

SECOND AMENDED COMPLAINT                4

1   the medication for glaucoma.  Plaintiff was not given an appointment.
2   16.   On March 21, 2008, Plaintiff had an appointment for a medical emergency
3         regarding an injury to his knee.  While visiting Dr. Clinton of the California
4         Institution for Men at Chino, Plaintiff inquired whether there was a pending
5         appointment for Plaintiff with an optometrist or opthamologist.  Dr. Clinton
6         responded that there was no appointment pending with an optometrist or an
7         opthamologist.
8   17.   On March 27, 2008, Plaintiff filed a Reasonable Modification or
9         Accommodation Request – California Department of Corrections and
10        Rehabilitation form 1824 – (an appeal under the Americans With Disabilities
11        Act) complaining that he still had not received his appointment to see a
12        doctor or an optometrist as he requested of Nurse DOE #1.  Plaintiff also
13        listed this formal grievance the fact that he had a "visual impairment . . .
14        described and documented in my medical file."  Plaintiff's medical file
15        amply described Plaintiff's visual impairment as glaucoma.
16  18.   On April 2, 2008, Plaintiff returned to see Dr. Clinton with regard to the
17        injury to his knee, and advised Dr. Clinton that he still had not seen an
18        opthamologist or an optometrist about his need for new glasses.  Dr. Clinton
19        noted on the Physician's Order "Optometry consult, MD line nex[ ] week."
20  19.   On April 3, 2008, Plaintiff received an Appeal Assignment Notice in
21        response to his March 27, 2008 formal grievance, and the appeal was
22        assigned to the Chief Medical Officer, DEFENDANT DR. FAROOQ, with a
23        "due date" for DEFENDANT DR. FAROOQ to respond by April 23, 2008.
24  20.   On April 10, 2008, Plaintiff was seen by DEFENDANT DR. HOAN
25        NGUYEN of the California Institution for Men at Chino.  At that time,
26        Plaintiff advised DEFENDANT DR. HOAN NGUYEN about his glaucoma
27        condition and that he needed the necessary medication to reduce the pressure
28        on his left eye.  Plaintiff also explained to DEFENDANT DR. HOAN

SECOND AMENDED COMPLAINT                    5

1  NGUYEN that he does suffer from headaches. On that date, DEFENDANT
2  DR. HOAN NGUYEN referred Plaintiff to see an opthamologist.
3  DEFENDANT DR. HOAN NGUYEN noted in his Physician's Order
4  "Opthamology RFS. ASAP." [RFS - Request for Services].

21. Also on April 10, 2008, DEFENDANT DR. HOAN NGUYEN filled out a Physician Request for Services form (California Department of Corrections and Rehabilitation form 7243). The processing of Request for Services form, form 7243, is a necessary step in processing a medical referral. Error in creating form 7243 will result in a failure to provide necessary medical services to the inmate. As the Primary Care Physician examining Plaintiff, DR. HOAN NGUYEN had a responsibility to accurately complete form 7243 after examining Plaintiff.

22. In the Requested Treatment / Service section of form 7243, DEFENDANT DR. HOAN NGUYEN failed to mark any of the three options: "EMERGENT" "URGENT" "ROUTINE," and instead marked "ASAP" – a selection which was not an option on the form, and outside the policies and procedures for medical procedures within the California Department of Corrections and Rehabilitation. In addition, in the Medical Necessity section of this form 7243, DEFENDANT DR. HOAN NGUYEN wrote in pertinent part: "Glaucoma . . .last seen opthamologist in 07 - need to follow up ASAP - not on any eye drops now."

23. No time throughout the examination of Plaintiff on April 10, 2010, nor any time thereafter up until the rupture of Plaintiff's left eye on May 23, 2010, did DEFENDANT DR. NGUYEN review Plaintiff's medical history within the California Department of Corrections and Rehabilitation, other than a "flimsy" file which only had Plaintiff's most recent medical records. If DR. NGUYEN had reviewed the medical file of Plaintiff, he would have seen that Plaintiff had sclera thinning, thereby increasing his vulnerability to problems

SECOND AMENDED COMPLAINT                6

with inter-ocular pressure.

24. On information and belief, DEFENDANT DR. HOAN NGUYEN violated the California Department of Corrections and Rehabilitation Policies and Procedures by failing to designate the appropriate time frame in which the specialty service should be provided, which, for an inmate with a long standing glaucoma condition, without eye drops, would be "URGENT," or at minimum "EMERGENT," not "ASAP" – a designation not recognized by the policies and procedures of the California Department of Corrections. If DEFENDANT DR. HOAN NGUYEN had designated the appropriate time frame as "URGENT," then, according to the California Department of Corrections and Rehabilitation policies and procedures, Plaintiff would have been provided an opthamology appointment immediately, and DEFENDANT DR. HOAN NGUYEN, as the Primary Care Physician, would do a follow-up assessment of Plaintiff's condition.

25. California Department of Corrections Rehabilitation policy requires emergency consultations or procedures (urgent) be provided immediately; and high priority consultations (emergent) be provided within 14 days of the Primary Care Physician's Order. Further, the Primary Care Physician, would also be required to do a follow-up assessment of Plaintiff's condition within at minimum 14 days after the creation of the Primary Care Physician's Order. By designating the time frame as "ASAP," DEFENDANT DR. HOAN NGUYEN as Plaintiff's Primary Care Physician did not provide sufficient notice to the other medical personnel of the California Department of Corrections and Rehabilitation about when service needed to be provided for Plaintiff's glaucoma; and did not perform the follow-up assessment.

26. As a consequence of the creation of the Physician Request for Services form (California Department of Corrections and Rehabilitation form 7243) by DEFENDANT DR. HOAN NGUYEN, Plaintiff was given Utilization

management tracking # 07/08-04-OP7739 by an employee of the California Institution for Men at Chino. However, on information and belief, due to DEFENDANT DR. HOAN NGUYEN's failure to designate Plaintiff's condition appropriately, no action was taken on this Request for Services.

27. On information and belief, DEFENDANT DR. HOAN NGUYEN violated the standards for reasonable medical care by not reviewing Plaintiff's medical file and thereby his medical history with regard to the condition of his left eye. If, as described below, Plaintiff's medical file was unavailable due to administrative record keeping deficiencies in the California Institution for Men at Chino, DEFENDANT DR. HOAN NGUYEN violated the standards for reasonable medical care by not expediting Plaintiff's appointment with an ophthalmologist to urgent or emergent, based on the need to have Plaintiff's eye condition assessed in a timely manner.

28. On information and belief, Defendant DR. FAROOQ, as the Chief Medical Officer, failed to review and consequently, to sign off on the form 7243 as he was required. This resulted in his failure to recognize Defendant DR. HOAN NGUYEN's improper designation for specialty medical services as "ASAP," and consequently, DR. FAROOQ's failure to take any action to correct this improper designation.

29. On April 17, 2008, in response to Plaintiff's March 27, 2008 formal grievance / appeal (California Department of Corrections and Rehabilitation form 1824) DEFENDANT DR. HOAN NGUYEN's wrote on the Discussion of Findings section of the form: "Pt was seen on 4/10/08 - has Glaucoma blind L eye, opthamology referral submitted . ." Defendant DR. NGUYEN's description of the opthamological condition of Plaintiff expanded the appeal to include both his request to see an optometrist for his eye glasses, and his request to see an opthamologist for his glaucoma.

30. On April 18, 2008, five days prior to the April 23, 2008 due date for a

SECOND AMENDED COMPLAINT                 8

response to Plaintiff's Appeal, Defendant CHRISTINE COLLIER suspended the 1824 Appeal pending the requested referral to see the "OPTHAMOLOGY specialist" and for requested device "(Glasses)." As of April 18, 2008, Plaintiff continued to not be provided access to an ophthalmologist nor to his glaucoma medication.

31. On information and belief, Defendant CHRISTINE COLLIER had no authority to suspend the Plaintiff's appeal based on the referral to specialty services. Defendant CHRISTINE COLLIER had an obligation to refer plaintiff's appeal to a medical specialist, to determine whether it should be granted or denied. As a result of the suspension of his form 1824 appeal, Plaintiff's appeal was not addressed in a timely manner, thereby continuing to deprive him of access to an opthamologist to treat his glaucoma.

32. On information and belief, and without any support by California Department of Corrections medical policy, Defendant DR. FAROOQ permitted the suspension of appeals, including Plaintiff's, based on an inmate being referred to specialty services.

33. On May 6, 2008, Plaintiff was examined by an optometrist at the California Institution for Men at Chino.

34. On May 12, 2008, Plaintiff had a follow-up appointment with DR. HOAN NGUYEN. Plaintiff specifically advised DR. NGUYEN that he had not seen an opthamologist, and that he was suffering from headaches. In response, DR. NGUYEN prescribed Tylenol, and took no effort to expedite Plaintiff's appointment with an ophthalmologist. Throughout the period from February through May 23, 2008, Plaintiff suffered periodically from headaches, and ultimately dizziness and nausea. On May 23, 2008, without any access to the necessary glaucoma medication, Plaintiff's left eye burst / ruptured from the extreme inter-ocular pressure caused by the glaucoma. Plaintiff was taken to Riverside Medical Center-Moreno Valley emergency room, and was told that

his left eye could not be saved. Prior to May 23, 2008, Plaintiff never saw an ophthalmologist at California Institution for Men at Chino, and never received medication to reduce the pressure on his left eye due to his glaucoma.

35. Following the bursting of his left eye, Plaintiff was hospitalized at California Institution for Men at Chino. During this time period, Plaintiff suffered extreme pain from his eye and loss of appetite, and consequently, the resulting loss of weight. Some of this pain and discomfort was avoidable and unnecessarily exacerbated by the actions of CIM staff.

36. On June 4, 2008, Plaintiff filed a Inmate Appeal form (California Department of Corrections and Rehabilitation form 602) complaining about the lack of pain medication provided for the treatment of the left eye and socket after his left eye burst.

37. On June 10, 2008, medical personnel removed Plaintiff's left eye in its entirety.

38. From June 10, 2008 until February 5, 2009, the date of Plaintiff's release from the custody of the California Department of Corrections and Rehabilitation, despite repeated requests, Plaintiff did not receive a prosthesis to fill the orbit where the left eye was removed.

## FIRST CLAIM FOR RELIEF
## 42 U.S.C. § 1983
## FOR VIOLATION OF CIVIL RIGHTS
## (AGAINST DEFENDANT DR. HOAN NGUYEN, DR. MUHAMMAD FAROOQ, CHRISTINE COLLIER AND DOES 1-10)

39. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 38, of this complaint and by this reference hereby incorporates the same herein and makes each a part hereof as if set forth in

SECOND AMENDED COMPLAINT                    10

1  full.

2  40.  DEFENDANT DR. FAROOQ, DEFENDANT DR. HOAN NGUYEN,
3  CHRISTINE COLLIER and Does 1-10, acting under the color of state law in
4  their personal capacity, deprived Plaintiff of the rights, privileges and
5  immunities secured by Eighth Amendment right against cruel and unusual
6  punishment under the United States Constitution, by subjecting him, or
7  through their deliberate indifference, allowing others to subject him, to delay
8  and deny Plaintiff access to medical attention for a serious but treatable
9  medical condition. As a result, Plaintiff has suffered damages, permanent
10  injury and disfigurement, pain and suffering and deprivation of his
11  constitutional rights in an amount not yet ascertained but to be proven.

12  41.  By reason of the afore-described acts and omissions of Defendants, Plaintiff
13  was required to retain an attorney to institute and prosecute the within action
14  and to render legal assistance to the Plaintiff that he might vindicate the loss
15  and impairment of his constitutional rights. By reason thereof Plaintiff
16  requests payment by defendants of a reasonable sum for attorney's fees
17  pursuant to 42 U.S.C. § 1988.

18  42.  The afore-described acts of these individual defendants were done
19  recklessly, and by reason thereof, Plaintiff claims exemplary and punitive
20  damages from these individual defendants.

21

22  **SECOND CLAIM FOR RELIEF**
23  **42 U.S.C. § 1983**
24  **CUSTOM AND PRACTICE**
25  **CAUSING VIOLATION OF CIVIL RIGHTS**
26  **(AGAINST DEFENDANTS WARDEN POULOS, DR. FAROOQ,**
27  **AND DOES 1-10)**

28  43.  Plaintiff refers to and repleads each and every allegation contained in

SECOND AMENDED COMPLAINT            11

paragraphs 1 through 42, of this complaint and by this reference hereby incorporates the same herein and makes each a part hereof as if set forth in full.

44. On or before April 10, 2008 – the date in which DEFENDANT DR. HOAN NGUYEN failed to designate Plaintiff's condition appropriately, the California Institution for Men at Chino was severely overcrowded with inmates and severely understaffed with medical personnel. Defendants WARDEN POULOS AND DR. FAROOQ were fully aware of the severe overcrowding and lack of medical staff, and were particularly put on notice of these conditions based on the filing of multiple lawsuits, including *Plata et al. v. Schwarzenegger et al.* No. C01-1351, No. C01-1351, 2005 WL 2932253, at *1 (N.D. Cal. Oct. 3, 2005).

45. Prior to April 10, 2008, Defendants WARDEN POULOS and DR. FAROOQ were aware that the medical policies and procedures of the California Department of Corrections required medical personnel to designate, in a Request for Services form - form 7243, the time frame to in which the medical service was necessary. In addition, Defendants WARDEN POULOS and DR. FAROOQ were aware that timely referrals for inmates with high priority or urgent conditions were necessary for inmate medical care.

46. As a result of this severe overcrowding coupled with the lack of medical personnel, prior to April 10, 2008, Defendants WARDEN POULOS and DR. FAROOQ were put on notice and were aware that inmates with severe medical conditions were not being appropriately designated with specialty services, and were not receiving timely treatment of their medical conditions, creating grave risk of injury and / or illness.

47. Specifically, among other information, Defendants WARDEN POULOS and DR. FAROOQ were aware of the expert reports prepared pursuant to the

*Plata* litigation, as well as possessed personal knowledge of the conditions described therein. These documents state, based on the personal observations of medical experts touring the facility at the California Institution for Men at Chino, inspections and reports of prison staff in 2007, that the medical records housed at the facility were poorly maintained, fragmented and dangerously incomplete. This condition resulted in nurses, doctors, and other medical personnel not having an adequate basis to assess and evaluate medical concerns. As a result, many medical and mental health screenings conducted at the California Institution for Men were thus done without medical records because of backlog in the flow of records.

48. Further, the large number of patient inmates with inadequate staff also caused the facility's inability to develop effective scheduling and tracking systems. Because of the inadequate systems, medical and prison staff lost track of patients, including those with chronic diseases and disabilities such as Plaintiff, and were unable to identify patients with chronic or communicable conditions. A study of the computer systems found that pulling together a cohesive picture of a particular inmate's health status was near impossible and placed at risk continuity of care.

49. Defendants WARDEN POULOS and DR. FAROOQ, acting under the color of state law in their personal capacity, with notice of this institutional failure at the California Institution for Men at Chino to provide adequate referrals to inmates with severe medical conditions, failed to take any remedial measures – such as training medical personnel of how to appropriately designate severe medical conditions, supervising medical personnel on how to designate severe medical conditions and/or disciplining medical personnel who repeatedly incorrectly designated serious medical conditions – to correct this problem. As a result of this failure to designate serious medical conditions, medical personnel regularly delayed or denied medical and

SECOND AMENDED COMPLAINT                           13

PROOF OF SERVICE

I, Veronica Aguilar, declare that I am a resident or employed in Los Angeles County, California; that my business address is KAYE, McLANE & BEDNARSKI, LLP, 234 E. Colorado Blvd, Suite 230, Pasadena, California 91101; that I am over the age of eighteen years; that I am not a party to the above-entitled action; that I am employed in the Law Offices of KAYE, McLANE & BEDNARSKI, whose partners are members of the Bar of the United States District Court for the Central District of California, and at whose direction I served the:

**Second Amended Complaint For Damages**

On December 27, 2010, following ordinary business practice, service was:

[ ] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[ ] By hand-delivery addressed as follows:

[X] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

[ ] By facsimile as follows:

[ ] By electronic mail:

Robert Murphy
Manning & Marder Kass Ellrod Ramirez
801 S. Figueroa Street, 15th Floor
Los Angeles, CA 90017

This proof of service is executed at Los Angeles, California, on December 27, 2010. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Veronica Aguilar